**Defly Hence KOROMPIS, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] U.S. Attorney General, Respondent.**

**No. 08–4907–ag.**

United States Court of Appeals, Second Circuit.

July 1, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Melody K. Eaton, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Defly Hence Korompis, a native and citizen of Indonesia, seeks review of a September 11, 2008 order of the BIA affirming the April 25, 2007 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Defly Hence Korompis,* No. A099 686

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**444**

952 (B.I.A. Sept. 11, 2008), *aff'g* No. A099 686 952 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find that the record supports the agency's determination that Korompis failed to demonstrate that he suffered past persecution or that he has a well-founded fear of future persecution. Korompis argues that, viewed cumulatively, the incidents of mistreatment he endured rise to the level of persecution. Though the incidents are disturbing, we cannot find that the agency erred in reaching the opposite conclusion. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Absent a showing of past persecution, Korompis was not entitled to any presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Moreover, the agency's analysis of his pattern or practice claim

was proper. *See Matter of A–M–,* 23 I. & N. Dec. 737, 741 (BIA 2005); *Mufied v. Mukasey,* 508 F.3d 88, 93 (2d Cir.2007).[2]

Because Korompis was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where such claims rested on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** In *Mufied,* we granted the petition for review where the BIA failed to consider the petitioner's pattern or practice claim. 508 F.3d at 93. Here, to the contrary, the agency considered Korompis's claim and properly rejected it.

**3.** While the Government asserts that we should decline to consider Korompis's CAT claim because he failed to exhaust that argument before the BIA, the BIA addressed his CAT claim in its decision, excusing any failure to exhaust. *See Xian Tuan Ye v. DHS,* 446

F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994). We decline, however, to consider Korompis's argument that he is entitled to asylum relief because he is a member of a disfavored group as he failed to exhaust that argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). In any event, we have never adopted the "disfavored group" analysis addressed by the Ninth Circuit in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004).